UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------------- X
RIMCO, INC.,                                                  :
                                                              :
            Plaintiff,                                        :
                                                              :
      v.                                                      :   Court No. 21-00588
                                                              :
UNITED STATES,                                                :
                                                              :
            Defendant.                                        :
------------------------------------------------------------- X
```

## COMPLAINT

Plaintiff, Rimco, Inc., ("Rimco" or "Plaintiff"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest portions of the U.S. Department of Commerce's (the "Department" or "Commerce") final determination in *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019* Case No. C-570-091, as published in the Federal Register. *See* 86 Fed. Reg. 62,775 (Nov. 12, 2021) ("*Final Results*").

2. Pursuant to sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii), Plaintiff Rimco brings this action to contest as unreasonable and unsupported by substantial record evidence elements of the Department's *Final Results*, particularly the Department's refusal to calculate an all others rate without including the Adverse Facts Available ("AFA") inferences and rates applied to mandatory respondents.

## JURISDICTION

3. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because it is a challenge to the final results of an administrative review issued under section 751 of the Act, 19 U.S.C. § 1675.

## STANDING

4. Rimco has standing as an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A) because it is an importer of certain steel wheels subject to the *Final Results*.

5. Rimco has standing to bring this action under 28 U.S.C. § 2631(c) because it participated in the administrative review of the countervailing duty order on *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China,* covering the period of review February 15, 2019 to December 31, 2019, and therefore is an interested party to the underlying proceeding and contested *Final Results*.

## TIMELINESS OF ACTION

6. This action has been timely commenced. Plaintiff filed its Summons on November 18, 2021 (ECF No. 1), within thirty (30) days of publication of the *Final Results* in the Federal Register, *see* 86 Fed. Reg. 62,788 (Nov. 12, 2021), as required by section 516A(a)(2)(A)(i)(I) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(I), and Rules 3(a)(2) and 6(a) of this Court.  This Complaint is timely filed with the Court within thirty (30) days of the filing of the Summons.

## BACKGROUND

7. The countervailing duty order in this proceeding was published in the Federal Register on September 3, 2019.  *See Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Antidumping Duty and Countervailing Duty Orders*, 84 Fed. Reg. 45,952 (September 3, 2019) ("the Order").

8. The Act provides for periodic reviews of an antidumping or countervailing duty order "[a]t least once during each 12-month period beginning on the date of publication" of such order "if a request for such a review has been received." 19 U.S.C. § 1675(a)(1). Administrative reviews determine duty assessment and set new cash deposit rates. *Id.* § 1675(a)(2)(C). Notice of opportunity to request the underlying administrative review, which covers the period from February 25, 2019 to December 31, 2019, was published in the Federal Register on September 1, 2020. *See* 85 Fed. Reg. 54,349 (September 1, 2020).

9. On September 30, 2020, Rimco requested that the Department conduct an administrative review of the Order "as it applies to subject merchandise manufactured by Xiamen Topu Imports & Export Co., Ltd., Shanghai Yata Industry Co., Ltd., and Hangzhou Antego Industry Co. Ltd., and imported into the United States by Rimco Inc. during the period February 25, 2019 through December 31, 2020."

10. The underlying administrative review of the countervailing duty order on *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China* was initiated by notice published in the Federal Register on October 30, 2020. 85 Fed. Reg. 68,840 (October 30, 2020).

11. On July 9, 2021, Commerce published preliminary results of the administrative review of the Order. *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Rescission in Par and Intent to Rescind in Part; 2019*, 86 Fed. Reg. 36,250 (July 9, 2021).

12. On August 9, 2021, Rimco filed comments urging Commerce to calculate an all others rate for the period of review without including the AFA inferences against mandatory respondents. Rimco suggested Commerce apply the 58.30% non-AFA countervailing duty rate assessed during

the preliminary phase of the original investigation from a cooperating respondent prior to the respondent pulling out of the review and AFA being applied against the respondent.

13. Commerce's *Final Results* in *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019* Case No. C-570-091, were published in the Federal Register on November 12, 2021. *See* 86 Fed. Reg. 62,775 (Nov. 12, 2021). Commerce also published an Issues and Decisions Memorandum, dated November 8, 2021. (the "I&D Memo").

14. The I&D Memo states that Commerce determined that "Commerce did not revise or recalculate the 'all-others' rate as part of this administrative review. Accordingly, Rimco's arguments pertaining to Commerce's calculation methodology for the 'all-others' rate are irrelevant to this administrative review." *See* I&D Memo, at 8.

15. When calculating an all-others rate, if countervailing duty margins established are only either *de minimis* or AFA rates, Commerce applies the exception found in 19 U.S.C. § 1671d(c)(5)(a)(ii). In such cases, Commerce "may use any reasonable method to establish the estimated all others rate for exporters and producers not individually investigated, including averaging the estimated weighted average dumping margins determined for the exporters and producers individually investigated." 19 U.S.C. § 1671d(c)(5)(a)(ii).

16. A similar issue was recently considered by the U.S. Court of International Trade in the context of antidumping duties. In *Bosun Tools Co. v. United States*, 463 F. Supp. 3d 1308, 1317-1318 (2020), Commerce sought to justify an "all others" margin based on the averaging of AFA and de minimis rates. The court rejected the attempt.

17. There is no evidence on the record from which Commerce could reasonably conclude that the 388.1% "all others" margin appearing in the preliminary results are representative of the subsidies received by non-reviewed parties.

## COUNT I

18. Paragraphs 1 to 17 are incorporated herein by reference.

19. Commerce's refusal to calculate and non AFA all others rate is unsupported by substantial evidence and not in accordance with law, particularly 19 U.S.C. § 1671d(c)(5)(a)(ii).

## REQUEST FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. hold that Commerce's *Final Results* are unsupported by substantial record evidence and not in accordance with the law;

2. remand the *Final Results* to Commerce for disposition consistent with this Court's decision; and

3. provide any other such relief that this Court deems just and appropriate.

Respectfully submitted,

Dated: November 30, 2021

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
PATRICK B. KLEIN
NEVILLE PETERSON LLP
55 Broadway, Ste. 2602
New York, NY 10004
(212) 635-2730
jpeterson@npwny.com

*Counsel to Rimco, Inc.*