**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| RIMCO, INC., | |
| *Plaintiff,* | |
| *v.* | |
| UNITED STATES, | Court No. 21-00588 |
| *Defendant,* | |
| and | |
| DEXSTAR WHEEL, | |
| *Defendant-Intervenor.* | |

<u>**MOTION TO STAY DEADLINES PENDING FINAL RESOLUTION OF DEFENDANT-INTERVENORS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**</u>

Pursuant to Rules 6 and 7 of this Court, Dexstar Wheel Division of Americana Development, Inc. ("Dexstar" or "Defendant-Intervenor") respectfully requests that the Court stay all deadlines on the merits in this action, including the deadlines for Plaintiff to file its Rule 56.2 motion and reply brief and for Defendant and Defendant-Intervenors to file responsive briefs. As explained in further detail below, good cause exists for staying the deadlines for briefing on the merits, as decisions on the pending motion to dismiss could make all further briefing on the merits in this appeal moot.

Pursuant to Rule 7(f) of this Court, counsel for Defendant-Intervenor have consulted with the other parties to this action. On February 9, 2022, Patrick Klein of Neville Peterson, LLP, counsel to Plaintiff, stated that Plaintiff will oppose any motion to stay. On February 9, 2022, Ashley Akers, counsel for Defendant, stated that Defendant defers to the Court on the issue of

simultaneous briefing but that if the Court does grant the stay, agrees with Defendant-Intervenor's proposed deadlines if or when the stay is lifted.

On January 24, 2022, Defendant-Intervenor moved to dismiss Plaintiff's complaint on the grounds that Plaintiff failed to state a claim upon which relief can be granted and that the true nature of Plaintiff's claim is jurisdictionally time barred by statute. ECF 28. On February 2, 2022, Plaintiff informed parties via email that it planned to propose in a joint status report that will combine the responses to the Defendant-Intervenor's motion to dismiss with the briefing on the merits of Plaintiff's action. As noted in Defendant-Intervenor's status report filed concurrently with this motion, Defendant-Intervenor opposes that proposal. Instead, to avoid possible unnecessary expense and delay in this case, Defendant-Intervenor requests that the Court stay briefing on the merits until the motion to dismiss has been disposed of.

A Court's power to stay its proceedings is inherent in the Court's power to economically dispose of the cases before it. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "On a motion to stay, the court considers whether the proposed stay promotes judicial economy." *NEXTEEL Co. v. United States*, No. 20-03898, 2022 WL 190759, at *2 (Ct. Int'l Trade Jan. 21, 2022). While "speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay," the disposition "of issues that are central to the court's decision" at hand do justify staying further action pending an outcome. *Id.* A stay may be granted not only to allow other litigation bearing on the action at hand to conclude, but, as has been this Court's practice in many cases, to allow the Court to address preliminary questions, such as jurisdictional issues, that will determine whether the Court will even proceed to address the merits of the claims before it. *See, e.g.*, Order, *M S Int'l, Inc. v. United States*, Ct. No. 19-00134 (Ct. Int'l Trade Aug. 15, 2019), ECF No. 31 (staying further

proceedings in action pending resolution of motions to dismiss); Order, *Zhongce Rubber Grp. Co. v. United States*, Ct. No. 18-00082 (Ct. Int'l Trade July 6, 2018), ECF No. 16 (same).

"[T]he party moving for a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" *Diamond Sawblades Mfrs' Coal. v. United States*, 34 C.I.T. 404, 406 (2010) (*quoting Landis*, 299 U.S. at 255). The Court must balance the interests impacted by the requested stay, including those of the parties and of the Court. *Id.* (*citing Tak Fat Trading Co. v. United States*, 24 C.I.T. 1376, 1377 (2000)).

In considering a motion to stay further activity in a case, this Court has found that "the potential impact" another decision will likely have on the case at hand to establish a "'pressing need'" to stay activity, as "the court and each of the litigants…risk expending substantial resources on litigation that may ultimately prove to be irrelevant." *Diamond Sawblades*, 34 C.I.T. at 407. In *Diamond Sawblades*, this Court noted that the likely limited nature of the stay weighed in favor of staying. *Id.*[1] The Court also noted that the stay was favored by the fact that "degree and likelihood of the negative impact is speculative." *Id.* Finally, the Court also held that the fact the party opposing the stay was also a party to the action that the stay was predicated on mitigated in favor of the stay, as that party was "not being forced to 'wait upon the outcome of a controversy to which {it} is a stranger.'" *Id.* (*quoting Landis*, 299 U.S. at 255). This Court has also held that an injunction on the liquidation of the entries at question makes any damage to a party by a stay unlikely, as the injection holds the situation in place pending a final outcome. *See Deacero S.A.P.I. de C.V. v. United States*, Slip Op. 15–87, 2015 WL 4909618 at *8 (Ct. Int'l Trade 2015). In contrast, where a stay will "spare the parties here the time and expense" of

---

[1] In this determination, the Court was addressing a motion to terminate a stay already in place, but applied the same principles and considerations drawn from other cases addressing the granting of a stay.

addressing matters that may simply be disposed of, "{g}ranting the requested stay thus may result in substantial savings for {the moving party} and the opposing parties alike." *An Giang Agri. & Food Imp. Exp. Co. v. United States*, 350 F.Supp.2d 1162, 1172 (2004); *see also DuPont Teijin Films v. United States*, Slip Op. 15-95, 2015 WL 5024950 at *6 (Ct. Int'l Trade 2015) (rejecting the argument that any stay necessarily causes some harm by delaying proceedings, as "such effects, …'are attendant to litigation generally. At most, a stay would (to some extent) prolong them.'" (*quoting An Giang*, 350 F.Supp.2d at 1166)).

These factors and considerations strongly support the granting of the requested stay in this case. The questions raised in Defendant-Intervenor's motion to dismiss are questions that this Court must address before turning to the merits of this case. As this Court has explained,

> {b}ecause subject matter jurisdiction is treated as a threshold determination, it must be examined separately and antecedently. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Absent jurisdiction, a "court cannot proceed at all in any cause." *Id.* Indeed, the rules of this Court dictate that if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." USCIT R. 12(h)(3).

*Sahaviriya Steel Indus. Pub. Co. v. United States*, 33 C.I.T. 140, 150 (2009). A motion to dismiss for failure to state a claim upon which relief can be granted are likewise delt with as a preliminary matter under Rule 12(b)(6) of this court. *See*, *e.g.*, *Rack Room Shoes v. United States*, 718 F. 3d 1370, 1376 (Fed. Cir. 2013) (setting out that in addressing such a motion to dismiss, the Court examines what was alleged in the complaint).

If this Court finds that Plaintiff has not plead a claim on which relief can be granted or that it lacks subject matter jurisdiction over the claims that Plaintiff does make, arguments on the merits of those claims will be moot. Preceding to briefing on those issues of merit, before the Court decides if it can or will even address such arguments, would force the parties and the Court to expend the time and expense to address currently superfluous issues that well may be disposed

4

of before they are ever reached. Doing so would be contrary to the first rule of this Court, to "secure the just, speedy, and inexpensive determination of" this proceeding. USCIT Rule 1.

Additionally, the nature of the requested stay is necessarily limited, as it will only last until the motion to dismiss in this case is addressed. Any claims made that the stay could possibly extend beyond that would be purely speculative. Plaintiff has already obtained an injunction preventing the liquidation of any of its entries under review (ECF 17), so Plaintiff will face no change in its position if the stay is granted. Moreover, the stay will only affect parties who are already before this Court who are and will be able to represent their interests at every stage of the proceeding.

Accordingly, Defendant-Intervenor respectfully requests that all deadlines for briefing on the merits in this proceeding, including the deadline for Plaintiff to file its Rule 56.2 motion and for Defendant and Defendant-Intervenors to file responsive briefs thereto, be stayed pending this Court's resolution of Defendant-Intervenor's motion to dismiss. Specifically, the deadline for Plaintiff's Rule 56.2 motion should be stayed until 60 days after the date on which the Court's rulings on the pending motion to dismiss is fully resolved, inclusive of any and all appeals, if the motions are denied; with other briefing deadlines extended as set out below (reflecting the periods that were proposed by Plaintiff).[2]

---

[2] Word counts for each brief have been proposed in Defendant-Intervenor's status report, filed concurrently with this motion.

| FILING EVENT | DUE DATE (days after prior filing event) |
|---|---|
| Plaintiff's USCIT Rule 56.2 Motion for Judgement on the Agency Record and Accompanying Brief | 60 days |
| Response Brief of Defendant | 60 days |
| Response Brief of Defendant-Intervenor | 20 days |
| Reply Brief of Plaintiff | 30 days |
| Joint Appendix | 14 days |
| Motions for Oral Argument | 7 days |

Respectfully Submitted,

/s/ Nicholas J. Birch___
Roger B. Schagrin
Nicholas J. Birch
SCHAGRIN ASSOCIATES
900 Seventh Street, N.W.
Suite 500
Washington, D.C.  20001
*Counsel for Dexstar Wheel*

Dated: February 9, 2022

## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

| | |
|---|---|
| RIMCO, INC., | |
| *Plaintiff,* | |
| *v.* | |
| UNITED STATES, | Court No. 21-00588 |
| *Defendant,* | |
| and | |
| DEXSTAR WHEEL | |
| *Defendant-Intervenor.* | |

## <u>ORDER</u>

Upon consideration of Defendant-Intervenor's motion to stay briefing deadlines in this action pending resolution of the Defendant-Intervenor's motions to dismiss, the positions of the parties, and all other papers and proceedings in this action, and upon due deliberation, it is hereby

      **ORDERED** that Defendant-Intervenor's motion to stay is **GRANTED**; and it is further

      **ORDERED** that all further briefing in this action is stayed pending resolution of Defendant-Intervenor's motion to dismiss, inclusive of any and all appeals; and it is further

      **ORDERED** that, if Defendant-Intervenor's motion to dismiss is denied, Plaintiff shall file its Rule 56.2 motion and accompanying brief no later than 60 days after final decisions on the motion to dismiss; and it is further

      **ORDERED** that, if Defendant-Intervenor's motion to dismiss is denied, Defendant shall file any response brief no later than 60 days after the date of filing of Plaintiff's Rule 56.2 motion; and it is further

**ORDERED** that, if Defendant-Intervenor's motion to dismiss is denied, Defendant-Intervenor shall file any response brief no later than 20 days after the date of filing of Defendant's response brief; and it is further

**ORDERED** that, if Defendant-Intervenor's motion to dismiss is denied, Plaintiff shall file any reply brief no later than 30 days of the date of filing of Defendant-Intervenor's response brief; and it is further

**ORDERED** that, if Defendant-Intervenor's motion to dismiss is denied, Plaintiff shall file the Joint Appendix no later than 14 days after the date of filing of any reply brief; and it is further

**ORDERED** that, if Defendant-Intervenor's motion to dismiss is denied, any motions for oral argument shall be filed no later than 7 days after the date of filing of the Joint Appendix.

Further, briefs file by Defendant-Intervenor must not repeat arguments made in the earlier filed brief of Defendant. The provisions regarding the calculation and certification of the word count contained in the Standard Chambers Procedures shall govern the briefs.

**SO ORDERED**.

_____
MARK A. BARNETT, JUDGE

Dated: _____, 2022
     New York, New York