**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

------------------------------------------------------------------ X

| | |
|---|---|
| **RIMCO, INC.** | : |
| **Plaintiff,** | : |
| *v.* | : |
| **UNITED STATES,** | : Case No. 21-00588 |
| **Defendant,** | : |
| and | : |
| **DEXSTAR WHEEL,** | : |
| **Defendant-Intervenor** | : |

------------------------------------------------------------------ X

## PLAINTIFF'S STATUS REPORT

Pursuant to Rules 16 and 56.2 of the Rules of the United States Court of International Trade ("USCIT R."), Plaintiff, Rimco, Inc. ("Rimco"), Defendant, United States, and Defendant-Intervenor, Dexstar Wheel ("Dexstar"), have consulted, and being unable to arrive at an agreement, Plaintiff respectfully submits the following status report and proposed briefing schedule:

**1.    Does the Court have jurisdiction over the action?**

Plaintiff avers that jurisdiction in this Court under 28 U.S.C. § 1581(c) is proper. Plaintiff is an "interested party" as defined in 19 U.S.C. § 1677(9)(A). Plaintiff participated in the proceeding from which this action was taken. The Summons and Complaint were filed in this action within the time provided by law.

**2.  Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons for such severance?**

Plaintiff is not aware of any other case with which this case should be consolidated with, nor is Plaintiff aware of any portion of the case that should be severed.

**3.  Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons for such deferral?**

Plaintiff is not aware of any other pending case which would make deferral appropriate.

**4.  Should the court be aware of any other information at this time?**

In the interest of conserving and promoting efficient use of the Court's resources, *see* USCIT R. 1, and the party's resources, and in accordance with this Court's January 10, 2022, Rule 56.2 Notice (ECF 27), Plaintiff has proposed a briefing schedule which "include[s] staggered deadlines for the intervening parties [so as] to avoid the repetition of arguments made in the earlier-filed briefs." *Id.* at 1. Unfortunately, this traditional approach, and apparently the Court's preferred approach, *see* ECF 27, is complicated by the fact that Defendant-Intervenor Dexstar neglected to follow the Court's Rule 56.2 Notice in filing its Motion to Dismiss (ECF 28).

In alleging a failure to state a claim upon which relief can be granted, *see* USCIT R. 12(b)(6), Dexstar's Motion interposes what is tantamount to an impermissible cross-claim against Plaintiff which is inconsistent with a Defendant-Intervenor's limited role in 28 U.S.C. § 1581(c) actions. Dexstar seeks to do improperly by motion what defendant-intervenors have *always* been prohibited from doing by pleading. Indeed, years ago when responsive pleadings were required in 28 U.S.C. § 1581(c) actions, this Court uniformly struck down as improper cross-claims pleadings filed by defendant-intervenors which raised issues not raised in the pleadings of the principal parties to the action. *See e.g.*, *National Association of Mirror Manufacturers v. United States,* 11 C.I.T. 648, 651-652 (1987); *Fuji Electric Co.*, 595 F. Supp at 1154; *Nakajima All Co. v.*

*United States*, 2 C.I.T. 170, 173 (Ct. Int'l Tr. 1981). As responsive pleadings are no longer required in 28 U.S.C. § 1581(c) actions, Dexstar cannot use USCIT R. 12(b)(6) to address substantive merits issues—which are intended to be raised in Rule 56.2 Motions—so as to enlarge its participation in this case beyond what the Court permitted in its January 10, 2022 Rule 56.2 Notice, which calls for "staggered deadlines for the intervening parties," and specifies that intervenor briefs shall be filed <u>after</u> "earlier filed briefs"—*i.e.,* motions for judgment on the agency record filed by the principal parties pursuant to Rule 56.2.

Dexstar has "jumped the gun" and placed itself ahead of the Government.[1] An intervenor may only act in support of positions taken by the party on whose behalf it intervened. *See One World Techs, Inc. v. Untied Stated,* 378 F. Supp. 3d 1355, 1363 (Ct. Int'l Tr. 2019); *see also e.g., Fuji Electric Co. v. United States*, 595 F. Supp. 1152, 1154 (Ct. Int'l Tr. 1984) (" … the intervenor must take the action as it has been framed by the party therein.").

Notably, due to the limited role of Defendant-Intervenors in 28 U.S.C. § 1581(c) cases, the Court cannot convert Dexstar's improperly interposed USCIT R. 12(b)(6) Motion into a motion for summary judgment pursuant to USCIT R. 12(d), which provides:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

---

[1] Dexstar was an interested party to the same proceeding which generated this case. It could have filed its own action under 28 U.S.C. § 1581(c), consolidated with this action, and raised any arguments it wished to as a principal party in the litigation. However, Dexstar did not file its own suit, but asked to participate in this action as a defendant-intervenor in support of Defendant, the United States. Of course, the Government has not moved to dismiss, nor expressed any position as of this writing regarding Plaintiff's claims. It surely understands that the appropriate opportunity to substantively address Plaintiff's claims arises by filing a response to Plaintiff's forthcoming USCIT R. 56.2 Motion.

This option is clearly unavailable here because Defendant-Intervenor Dexstar has no independent right to file its own Rule 56 motion. Dexstar cannot even file an independent response in opposition to Plaintiff's prospective Rule 56.2 motion. Rather, it may only file a response brief in support of positions taken by the Government, which necessarily must await the filing of the Government's response brief, which will be in opposition to the USCIT R. 56.2 motion to be filed by Plaintiff. Thus, as the Court clearly instructed in its January 11, 2022 Rule 56.2 Notice, Dexstar's opportunity to brief substantive issues in this case will only arise after the "earlier filed briefs" of the principal parties. Dexstar's Motion to Dismiss should either be stricken *sua sponte*, or if the Court prefers to entertain a formal motion to strike, Plaintiff can file one.

## **PLAINTIFF'S PROPOSED BRIEFING SCHEDULE**

After consultation pursuant to Rules 16 and 56.2 of the Rules of the U.S. Court of International Trade, and in accordance with this Court's January 10, 2022 Rule 56.2 Notice (ECF 27), the parties respectfully represent that they have been unable to arrive at an agreed upon briefing schedule. Accordingly, Plaintiff proposes the following schedule:

| FILING EVENT | DUE DATE |
| --- | --- |
| USCIT R. 56.2 Motion for Judgment on the Agency Record and Accompanying Brief filed by Plaintiff | April 11, 2022 |
| Response Brief of Defendant | June 9, 2022 |
| Response Brief of Defendant-Intervenor | June 30, 2022 |
| Reply Brief of Plaintiff | July 30, 2022 |
| Joint Appendix | August 11, 2022 |
| Motion for Oral Argument | August 18, 2022 |

                    Respectfully submitted,

                    NEVILLE PETERSON LLP

                    /s/ John M. Peterson
                    John M. Peterson
                    Patrick B. Klein
                    One Exchange Plaza
                    55 Broadway, Suite 2602
                    New York, NY 10006
                    (212) 635-2730
                    jpeterson@npwny.com

                    /s/ Richard F. O'Neill
                    Richard F. O'Neill
                    701 Fifth Ave. Ste. 4200-2159
                    Seattle, WA 98104
                    (206) 905-3648
                    roneill@npwny.com

Dated: February 9, 2022

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

------------------------------------------------------------------ X
**RIMCO, INC.**   :
                 :
    **Plaintiff,**   :
                 :
    *v.*   :
                 :
**UNITED STATES,**   :
                 :   Case No. 21-00588
    **Defendant,**   :
                 :
    **and**   :
                 :
**DEXSTAR WHEEL,**   :
                 :
    **Defendant-Intervenor**   :
------------------------------------------------------------------ X

## SCHEDULING ORDER

Upon consideration of the parties' joint status report and proposed briefing schedule and pursuant to Rules 16 and 56.2 of the Rules of the U.S. Court of International Trade, it is hereby:

**ORDERED** that the briefing of this action shall proceed in accordance with the schedule set forth below:

| FILING EVENT | DUE DATE |
|---|---|
| USCIT R. 56.2 Motion for Judgment on the Agency Record and Accompanying Brief filed by Plaintiff | April 11, 2022 |
| Response Brief of Defendant | June 9, 2022 |
| Response Brief of Defendant-Intervenor | June 30, 2022 |
| Reply Brief of Plaintiff | July 30, 2022 |
| Joint Appendix | August 11, 2022 |
| Motion for Oral Argument | August 18, 2022 |

**SO ORDERED.**

                                                                 Hon. Mark A. Barnett, Chief Judge

Dated: _____
       New York, NY