UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| RIMCO INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 21-588 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| And ) | |
| ) | |
| DEXSTAR WHEEL, ) | |
| ) | |
| Defendant-Intervenor. ) | |

**<u>ORDER</u>**

Upon consideration of defendant's motion to dismiss and all other pertinent papers, and upon due deliberation, it is hereby

ORDERED that the defendant's motion is granted; and it is further

ORDERED that judgment is entered in favor of the United States.

Dated: _____, 2022         _____
New York, New York                              CHIEF JUDGE

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| RIMCO INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>And )<br>)<br>DEXSTAR WHEEL, )<br>)<br>Defendant-Intervenor. )<br>_____) | Court No. 21-588 |

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b) of the Rules of the Court of International Trade, defendant, the United States, respectfully moves to dismiss plaintiff's complaint, ECF No. 8. The Court should dismiss plaintiff's complaint because: (1) plaintiff has failed to state a claim upon which relief can be granted because plaintiff's complaint challenges an action by the Department of Commerce (Commerce) that Commerce never made, and (2) this Court lacks subject matter jurisdiction to hear plaintiff's real claim, which challenges the all-others' rate set by Commerce in the original investigation underlying the administrative review, because that issue is time-barred. We agree with defendant-intervenor's arguments set forth in its motion to dismiss. ECF No. 28. Additionally, to avoid repetition and to conserve judicial resources, we do not recite the entire background section, because it is accurately recited in defendant-intervenor's motion.

**ARGUMENT**

I. Standard Of Review

The Court's determination of subject-matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998). It is not defendant's burden to demonstrate lack of jurisdiction. Rather, the plaintiff bears the burden of proving the requisite facts to establish this Court's jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936); *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995).

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If plaintiff is unable to plausibly plead its claim as a matter of law, judgment in favor of defendant is appropriate. *FAG Holding Corp., v. United States*, 744 F. Supp. 2d 1353, 1359 (Ct. Int'l Trade 2010).

II. Plaintiff Fails To State A Plausible Claim

First, the Court should dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted because, as defendant-intervenor Dexstar correctly contends, the crux of plaintiff's single count complaint attacks an action that Commerce never took. *See* Complaint at ¶¶ 17-18. Specifically, plaintiff purports to challenge the all-others rate that Commerce allegedly established in this review, and suggests that it should have instead set a non-AFA all-others rate. That challenge necessarily fails to state a claim upon which relief can be granted because Commerce did not even set an all-others rate in this review, much less one based upon facts available with an adverse inference. As Dexstar states: "Plaintiff asks this Court to grant it relief by ordering Commerce not to do something that Commerce did not do."

ECF No. 28 at 9. Because plaintiff fails even to allege facts demonstrating that Commerce took the action that it now purports to challenge, *i.e.*, refusing to establish a non-AFA all-others rate when defendant did not establish an AFA all-others rate in the review, plaintiff has failed to state a claim upon which relief can be granted.

Moreover, plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff does not challenge Commerce's treatment of any of the named respondents in the review. *See* Complaint at 8. Thus, even if Commerce did set an all-others rate in this review (which it did not), there are no all-others entries under review to which that rate would apply, and thus there is nothing for plaintiff to challenge in this proceeding. All of the entries subject to the review were accounted for by the respondents subject to the review. As Dexstar explains, "it appears that Plaintiff's goal is to mislead the Court into ordering Commerce to create a new all-others rate to be applied to *other* entries that are *not under* review," ECF No. 28 at 11, which is outside the scope of this Court's review, *see id.* at 11-12 (quoting *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976-77 (Fed. Cir. 1994); *Transcom, Inc. v. United States*, 182 F.3d 876, 880 (Fed. Cir. 1999)).

Finally, plaintiff fails to state a claim upon which relief can be granted because plaintiff sought and received an injunction against the liquidation of any of plaintiff's entries "{p}roduced and/or exported by" Xiamen Topu, Shanghai Yata, and Hangzou, ECF No. 17, Ex. A, but has not challenged Commerce's treatment of any of the entries from those exporters. Even if plaintiff had challenged entries from those exporters, none of those exporters received the all-others rate. Xiamen Topu and Shanghai Yata were assigned and AFA rate and the review was rescinded as to Hangzhou. *See Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China*, 86 Fed. Reg. 62,788 (Dep't of Commerce Nov. 12, 2021). Thus,

3

even if plaintiff is successful in this action by forcing Commerce to calculate an all-others rate, none of the entries covered by the injunction will be subject to any all-others rate.

III.   This Court Lacks Jurisdiction Over The Complaint

Dexstar also correctly contends that the relief plaintiff actually seeks—a revision to the all-others rate set in the investigation—is time-barred and thus this Court lacks jurisdiction over plaintiff's challenge. ECF 28 at 13. Importers are permitted to challenge the investigation rate within 30 days of its publication in the Federal Register. *See* 19 U.S.C. § 1516a(a)(2)(A) ("Within thirty days after – (i) the date of publication in the Federal Register . . . an interested party who is a party to the proceeding . . . may commence an action in the United States Court of International Trade[.]"). Here, Commerce published its final affirmative countervailing duty determination on July 9, 2019, *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China*, 84 Fed. Reg. 32,723 (Dep't of Commerce July 9, 2019), and the countervailing duty order on September 3, 2019, *Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China*, 84 Fed. Reg. 45,952 (Dep't of Commerce Sept. 3, 2019). Plaintiff never challenged the investigation rate within 30 days of either of those actions. Thus, to the extent that plaintiff now intends to challenge the investigation rate in November 2021, *see* Complaint, ECF No. 8 (November 30, 2021), it is several years beyond the deadline.

For the foregoing reasons, and for the reasons set forth in defendant-intervenor's motion to dismiss, ECF No. 28, we respectfully request that the Court dismiss plaintiff's complaint for lack of jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted.

|  |  |
|---|---|
| | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | PATRICIA M. MCCARTHY<br>Director |
| | /s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
| Of Counsel:<br><br>KIRRIN HOUGH<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>United States Department of Commerce | /s/ Sosun Bae<br>SOSUN BAE<br>Senior Trial Counsel<br>ASHLEY AKERS<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division, U.S. Dept. of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-0521 |
| March 15, 2022 | Attorneys for Defendant |